**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1091**

BALWINDER SINGH WHALA; JATINDER KAUR WHALA,

             Plaintiffs - Appellants,

        v.

PNC BANK, National Association,

             Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:14-cv-00894-JCC-IDD)

Argued: January 27, 2016                   Decided: March 22, 2016

Before NIEMEYER and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished opinion. Judge Niemeyer wrote the opinion, in which Judge Floyd and Senior Judge Davis joined.

**ARGUED:** Henry Woods McLaughlin, III, LAW OFFICE OF HENRY MCLAUGHLIN, P.C., Richmond, Virginia, for Appellants. Constantinos George Panagopoulos, BALLARD SPAHR LLP, Washington, D.C., for Appellee. **ON BRIEF:** Theodore R. Flo, BALLARD SPAHR LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

NIEMEYER, Circuit Judge:

When Balwinder and Jatinder Whala failed, for several months, to make installment payments on their mortgage, the mortgagee, PNC Bank, N.A., foreclosed the mortgage and sold the Whalas' house for $460,320, some $90,000 less than what the Whalas believed was the house's fair market value. The Whalas commenced this action for breach of contract, alleging that PNC Bank's 30-day notice of default, which led to foreclosure, was defective because it included, in its statement of the amount necessary to cure, the amount of a future installment that was not yet due.

The district court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6), and we affirm. While the 30-day notice of default included, in the amount necessary to cure, a future payment that was to become due during the 30-day notice period, the statement of the amount to cure was neither inaccurate nor misleading. We conclude, therefore, that PNC Bank did not breach the loan documents in giving notice.

I

In April 2007, to purchase a home in Lorton, Virginia, the Whalas borrowed $419,000 from PNC Bank's predecessor. The notice of default provision that was contained in the note that the Whalas signed provided:

2

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

The deed of trust securing the note provided similarly:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement . . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured . . . and sale of the Property.

Approximately three years later, the Whalas failed to make payments for installments due on March 1, April 1, and May 1, 2010. PNC Bank then sent the Whalas a notice of default and acceleration, dated May 4, 2010, which included the following:

> The action required to cure the breach or default mentioned above on or before June 3, 2010 is as follows: *<u>Payment in certified funds of $14,770.18 which includes the 6/1/2010 installment</u> and applicable late charges, property inspection and non-sufficient funds fees.

> Failure to cure the breach or default by said date, will result in the acceleration of the maturity date of the Note . . . .

(Emphasis added).

The Whalas did not cure the default by June 3, 2010, or at any time after that date, and PNC Bank initiated foreclosure proceedings, selling the house in May 2011 at auction for

3

$460,320. The Whalas contend that, at that time, the fair market value of the house was at least $550,000.

The Whalas commenced this breach of contract action in Virginia state court in April 2014, and PNC Bank removed it to federal court. The Whalas alleged that PNC Bank breached the provisions of the loan documents with its May 4, 2010 notice by improperly inflating the payment necessary to cure the default by including the amount to become due on June 1, 2010. They argue that the defective notice produced the foreclosure sale that resulted in their loss of equity in the house and other damages. The district court granted PNC Bank's motion to dismiss under Rule 12(b)(6), concluding that the May 4, 2010 notice of default was not defective.

This appeal followed.

II

While the Whalas do not dispute that they had defaulted on their loan prior to PNC Bank's notice of May 4, 2010, they argue that the notice failed to accurately state the "overdue amount" because it included an amount not yet due -- the June 1, 2010 installment. They reason that, because PNC Bank failed to provide them with an accurate notice, it breached its legal obligations under the loan documents, leading to an illegal foreclosure and sale.

4

PNC Bank contends that the 30-day default notice was accurate and did not breach the loan documents. It argues that the notice simply alerted the Whalas that they had to pay the overdue amount as of the date of the notice and that they also had to pay any amount that came due during the 30-day cure period, which included the June 1, 2010 installment.

We agree with PNC Bank. The loan documents required PNC Bank to provide a 30-day notice specifying the amount of money that the Whalas had to pay to cure their default and avoid foreclosure. Because the default notice was dated May 4, 2010, and 30 days thereafter was June 3, 2010 -- when the June 1 installment would also be past due -- the notice accurately stated, "The action required to cure the breach or default . . . on or before June 3, 2010, is as follows:  *Payment in certified funds of $14,770.18 which includes the 6/1/2010 installment." (Emphasis added). This notice made clear that, because the Whalas had until June 3, 2010, to cure the default -- a date that fell beyond the due date for the June 1 installment -- the amount required to cure as of June 3 would also have to include the June 1 installment. Any reasonable person would also conclude that, if the Whalas had chosen to cure before June 1, 2010, they could have simply withheld the June 1 installment until June 1 and made that payment then.

Accordingly, we conclude that PNC Bank did not, as alleged, breach the loan documents -- the note and the deed of trust -- and therefore affirm the judgment of the district court.

<u>AFFIRMED</u>